SHADY HILL NURSERY COMPANY *vs.* JOHN WATERER
AND SONS.

Suffolk.     January 16, 1901. — June 18, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

*Contract,* What constitutes.   *Sale,* Order for goods.

The plaintiff, a dealer in nursery stock, wrote to the defendant in England, who had previously filled orders for him, stating that he should want certain rhododendrons and other plants for the coming season, enumerating the sizes of the plants and the number of each size wanted, adding "Kindly inform us by return mail the cost of these plants and we will cable as to filling order." The defendant answered giving the prices of the plants wanted, except of one size of rhododendrons which he could not supply. In this letter the defendant suggested a cable code by which, if the plaintiff should cable the words "Light," "Medium" and "Extra," he would be understood to order respectively three of the sizes of rhododendrons at the prices named in the letter. In reply the plaintiff cabled "Ship as ordered." The defendant made no reply and shipped no goods. The plaintiff procured rhododendrons in this country at higher prices than those named by the defendant, and sued the defendant for failure to ship the rhododendrons named in the defendant's letter. *Held,* that there was no contract, that the message was not equivalent to an order to the defendant to ship such of the rhododendrons mentioned in the plaintiff's letter as the defendant had stated prices for, and there had been no order to which the message "Ship as ordered" might refer, and it naturally might refer to an order by mail on its way or to be sent.

CONTRACT for breach of an alleged agreement of the defendant to ship certain rhododendrons to the plaintiff. Writ dated December 9, 1898.

At the trial in the Superior Court, before *Richardson,* J., the plaintiff's evidence was introduced as stated in the opinion of the court, whereupon the judge directed the jury to return a verdict for the defendant; and the plaintiff alleged exceptions.

*J. E. Hannigan,* for the plaintiff.

*M. M. Weston,* for the defendant.

BARKER, J.   The plaintiff dealt at wholesale and retail in nursery stock at Bedford and Boston in this State, and the defendant, having nurseries in Bagshot, England, had filled orders for the plaintiff. In October, 1895, the plaintiff mailed a letter inquiring about certain plants which it desired for the next

spring, and the letter was not received.   On February 10, 1896, the plaintiff again wrote, stating that such an inquiry had been made in the October letter, and saying "We repeat the inquiry. We shall want 500 Rhododendrons, 18 inches, with buds ; 400 Rhododendrons, 24 inches, with buds ; 300 Rhododendrons, 36 inches, with buds." Then follow certain requirements as to quality, varieties and colors, after which the letter continues, "We shall also wish twenty-five Rhododendrons, 4 to 5 feet, in different colors. Kindly inform us by return mail the cost of these plants and we will cable as to filling order. We are likely to want the following list of evergreens, in good shape. Trees to be five feet.. Please inform us the cost of them, and we will advise you by cable as to shipping them." Then follows a list of twenty-three evergreens, and the letter continues "It is likely we may wish these and will advise you at once after receiving your letter. You may also price the following" giving a list of five other varieties of plants.

On February 21, 1896, the defendant wrote acknowledging the receipt of the letter of the tenth, naming prices for the five hundred, the four hundred, and the twenty-five rhododendrons, stating that the defendant could not offer the three hundred, thirty-six inches, but naming a price for three hundred, thirty inches in size, and also naming prices for some of the evergreens and for the other five kinds of plants. In this letter the defendant suggested a cable code by the use of which if the plaintiff should cable the words "Light," "Medium" and "Extra" the message would be taken by the defendant to order it to send the five hundred, the four hundred and the twenty-five rhododendrons at the prices named in the letter. In reply to this letter the plaintiff on March 6, 1896, cabled "Ship as ordered."

The plaintiff considered this message as the closing of a contract whereby it bought of the defendant five hundred eighteen inch rhododendrons at the price of £6/5 per hundred, four hundred twenty-four inch, at £7/10 per hundred, and twenty-five four to five feet at 10s. 6d. each. The defendant did not so consider the message, made no reply, and sent no goods. On April 15, 1896, the plaintiff cabled "Telegraph date shipment", to which the defendant replied "Not shipping. Can supply none", and on the same day wrote the plaintiff as follows: "We

are exceedingly sorry to find from your cables received that there appears to have been some mistake with regard to your order. We have been under the impression that you did not require any of the plants, but on turning up your correspondence we find that only the Junipers were not wanted. As we could now only supply one or two of the items you require we thought it best not to send any, and cabled you this morning to that effect. We are very sorry any mistake should have occurred, and seriously trust it will not have inconvenienced you to any great extent." On April 15 it was too late in the season to bring out rhododendrons from England, and to supply its trade the plaintiff bought plants in this country at an expense of $400 more than they would have cost if sent at the price offered in the letter of February 21 upon the receipt of the message "Ship as ordered."

At the trial the plaintiff contended that it could recover the extra expense, but the court instructed the jury to return a verdict for the defendant, and the case is here upon the plaintiff's exception to the instruction.

The letter of February 10 was not an order for any plants. As to rhododendrons it told the defendant that the plaintiff would want certain plants, asked information as to their cost and said that the plaintiff would "cable as to filling order." The letter did not say that the plaintiff would buy the rhododendrons if the prices should be satisfactory, and it committed the plaintiff to nothing more than to reply by cable if the defendant should send a list of prices. In sending the list the defendant suggested a cable code in which were three words which if used by the plaintiff in its reply would mean that the defendant was to send the three kinds of rhododendrons which it could supply at the offered prices. While the plaintiff was not bound to use the suggested code, if it did not do so, in order to bind the defendant by a contract, it must reply in language which ought to be understood by the defendant to mean that the plaintiff thereby ordered of the defendant certain goods at certain prices. This the message "Ship as ordered" did not do. There had been no order. The message might naturally refer to an order on its way by mail or to be so sent. It could not be understood to require the defendant to send plants, as to which

the only communications between the parties had been a statement that the plaintiff would want them, a request for information as to prices with a promise to cable as to filling an order, replied to by a list of prices for such of the plants as could be furnished, accompanied by a suggestion of the form as to which the cable as to filling the order should take if the plaintiff desired the defendant to send those of the rhododendrons which the plaintiff had said it should want and which the defendant could furnish.  The message was not equivalent to an order to the defendant to send such of the rhododendrons mentioned in the letter of February 10 as the defendant had stated prices for. If so intended by the plaintiff it was not in terms which the defendant ought so to have interpreted or understood, and as it did not so understand them, there was no contract.

*Exceptions overruled.*